UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
DAWN E. IRISH,                         )
                                       )
                  Plaintiff,           )
                                       )        CIVIL ACTION
           v.                          )        NO. 12-12132-WGY
                                       )
CRAIG S. IRISH,                        )
                                       )
                  Defendant.           )
_____)


YOUNG, D.J.                                    December 11, 2015

**MEMORANDUM & ORDER**

**I.    INTRODUCTION**

        On June 30, 2015, this Court found Craig Irish liable to

Dawn Irish on Counts II (breach of contract) and III (breach of

the covenant of good faith and fair dealing) of her complaint.

Findings Fact and Rulings Law 23-24, ECF No. 185.

        After conducting a bench trial on the scope of damages,

this Court issued its ruling on October 6, 2015.  See Excerpt

Tr.: Judge's Ruling ("Excerpt Tr."), ECF No. 234.  The Court

held that Dawn Irish was entitled to a 20% interest in Craig

Irish's proceeds from the sale of his equity interest in Nuclear

Logistic, Inc. ("NLI") (less the sums already paid), and 50% of

his reimbursement checks.  Id. at 5.  The Court requested that

the parties prepare a proposed judgment, and noted that doing so

would not waive their appellate rights.  Id. at 6.  On October

[1]

16, 2015, the parties submitted their proposed forms of judgment
along with memoranda in support of their proposals.  Pl.'s
Proposed Final J., ECF No. 243; Pl. Dawn Irish's Mem. Supp.
Proposed Form J. and Pre-J. Interest Calculation ("Pl.'s Mem."),
ECF No. 244; Def. Craig Irish's Mem. Form J. ("Def.'s Mem."),
ECF No. 249.[1]

Having carefully considered the parties' positions, the
Court, with one exception, adopts the judgment proposed by Dawn
Irish.  This memorandum explains the Court's reasoning with
respect to four issues disputed by the parties: tax
considerations, reimbursement checks, prejudgment interest, and
attorneys' fees.

## II.  TAX CONSIDERATIONS

On June 30, 2015, having found that Craig Irish breached
the separation agreement of January 21, 2010 ("Separation
Agreement"), as well as the implied covenant of good faith and
fair dealing, this Court imposed a constructive trust on the

---

[1] The parties submitted additional memoranda on two topics.
The first is pre-judgment interest, see Def.'s Craig Irish's
Opp'n Pl. Dawn Irish's Req. Prejudgment Interest, ECF No. 271;
Pl.'s Reply Def.'s Resp. Mem. Supp. Proposed Form J. Pre-J.
Interest Calculation, ECF No. 277.  The second topic is
attorneys' fees, see Pl.'s Mot. Award Att'ys' Fees Incorporated
Mem. Supp., ECF No. 245; Def. Craig Irish's Opp'n Pl. Dawn
Irish's Mot. Award Atty's Fees Sanctions, ECF No. 256; Pl.'s
Reply Mem. Further Supp. Mot. Award Attys' Fees, ECF No. 269;
Def.'s Sur-Reply Further Opp'n Pl's Mot. Award Atty's Fees, ECF.
No. 276.

proceeds of the sale of Craig Irish's equity in NLI.   See
Excerpt Tr. 4, ECF No. 234; Findings Fact and Rulings Law 24
(citing Nile v. Nile, 432 Mass. 390, 401 (2000)).

Relying on this ruling, Dawn Irish posits that she is
entitled to 20% of the proceeds of the equity sold, minus the
amounts already paid to her, and calculates the baseline
monetary award as follows:

    $4,320,000 (which is 20% of $21,600,000)

    - $480,000 (which is the sum of the amounts already paid)

    = $3,840,000.

Pl.'s Mem. 5.

Craig Irish contends that the award should reflect the
taxes "that were due (and paid)" on the proceeds of the NLI
equity.  Def.'s Mem. 3.  He argues that "Dawn is not entitled to
a windfall of receiving payment of an amount that is really a
tax liability already paid."  Id.

The Court agrees with him in part.  Under Massachusetts
law,[2] his basic legal argument is correct: generally, he would be
entitled to subtract from his liability his prior tax payments

---

[2] The Supreme Judicial Court has recognized that
Massachusetts law differs from federal trade secret and
intellectual property caselaw regarding the treatment of a
wrongdoer's previously made tax payments.  See Demoulas v.
Demoulas Super Mkts., Inc., 424 Mass. 501, 559 n.61 (1997)
(internal citations omitted).

on the wrongfully obtained property.  See Demoulas v. Demoulas
Super Mkts., Inc., 424 Mass. 501, 555-59 (1997) (holding that
the defendants must pay back wrongfully obtained corporate
earnings that had been distributed to them but that they could
"deduct their tax payments" on these earnings).  Here, Craig
Irish would be entitled to a reduction in the judgment by any
taxes that he paid on the 20% of the proceeds due to Dawn Irish.
See id. (stating defendants' "actual 'gain' [from their
wrongdoing] was only the net amount of the distributions, namely
the portion that they retained after the payment of taxes").

     This rule has a caveat, however: the Court cannot reduce
the amount if it has an inadequate record on which to base its
calculation of tax payments made.  See id. at 559 n.62 ("We have
rejected claims for tax deductions in instances where the
wrongdoer (who is responsible for asserting this defense) has
failed to present adequate evidence or has evinced
noncooperation in the computation of the award.") (internal
citations omitted).  Here, Craig Irish makes only a general
allegation that "the judgment should enter so that the charges
against the funds received and held in trust recognize payment
of tax that were due (and paid)."  Def.'s Mem. 3.  He does not
address in sufficient detail the tax consequences of payment of
a portion of proceeds to Dawn Irish and does not recognize or
account for any tax benefit (if any) arising from such payment.

[4]

In light of these circumstances, the taxes already paid on the proceeds of the NLI equity will not be deducted.  See USM Corp. v. Marson Fastener Corp., 392 Mass. 334, 347-48 (1984) (denying a deduction for income taxes paid because defendants "made no extended argument" concerning the tax benefit arising from the awarded payment to plaintiffs); Fidelity Mgmt. & Research Co. v. Ostrander, 40 Mass. App. Ct. 195, 202 (1996) (denying a deduction for taxes paid because a party claiming deduction "never proved she paid the taxes, . . . [and] provided no accounting for the substantial tax benefit she will receive from any restitution paid").

Accordingly, the full 20% of the proceeds received by Craig Irish from the sale of his hidden equity in NLI, less such sums as have been paid to Dawn Irish, shall be paid to Dawn Irish, viz., the sum of $3,840,000.

## III. REIMBURSEMENT CHECKS

Craig Irish disagrees with this Court's ruling of October 6, 2015, and suggests that this Court reconsider its decision concerning the 2009 reimbursement checks because "that claim is moot, was not made in the complaint, and even if vaguely asserted during the pendency of this case, it has been waived." Def.'s Mem. 4.

This Court has already ruled that Dawn Irish is entitled to 50% of the reimbursement checks that had been received by Craig

Irish but which had not been cashed when the parties entered into the Separation Agreement.  Excerpt Tr. 5.

Craig Irish's argument is nothing more than an attempt to take a second bite of the apple.  This Court sees no occasion to reconsider its earlier decision and reiterates its ruling that Dawn Irish is entitled to half of the 2009 reimbursement checks, which amounts to $26,859.74.

**IV.   PRE-JUDGEMENT INTEREST**

Craig Irish contends that Dawn Irish is not entitled to pre-judgment interest.  Def.'s Mem. 3-4; Def.'s Craig Irish's Opp'n Pl. Dawn Irish's Req. Prejudgment Interest ("Def.'s Resp."), ECF No. 271.  In contrast, Dawn Irish argues that this Court should award either Craig Irish's actual investment returns during the time he had the use of her money, or prejudgment interest at the statutory interest rate.  Pl.'s Mem. 4.

Under Massachusetts law, the prevailing party in a contract action is entitled to prejudgment interest, beginning on the date of breach.  See Mass. Gen Laws ch. 231, § 6C; Ramos v. Int'l Fid. Ins. Co., 87 Mass. App. Ct. 604, 611 (citing Mass. Gen Laws ch. 231, § 6C), review denied, 40 N.E.3d 553 (2015).

This Court has already established that Craig Irish breached the Separation Agreement by "stating that his Financial Statement was complete, true and accurate."  Findings Fact and

Rulings Law 18.  Accordingly, when Craig Irish received the proceeds from the sale of the NLI equity he was aware of his violation of the Separation Agreement.  Thus, the pre-judgment interest on each payment from the NLI equity starts to accrue on the day Craig Irish received that payment.

Because Craig Irish received the 2009 reimbursement checks before the Separation Agreement, the pre-judgment interest on those amounts shall begin to run on the day the parties entered into the Separation Agreement.

## V.   ATTORNEYS' FEES

There is no sufficient basis to award attorneys' fees to Dawn Irish.  She suggests attorneys' fees are in order due to Craig Irish's misconduct.  See generally Mot. Att'ys' Fees; Pl.'s Reply Mem. Further Supp. Mot. Award Att'ys' Fees, ECF No. 269.  Urging this Court to exercise its "inherent authority to fashion . . . an award [of attorneys' fees,]" Mot. Att'ys' Fees 12, Dawn Irish cites to Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991).  This is not a case, however, in which "fraud has been practiced upon [the Court], or [during which] the very temple of justice has been defiled[.]"  Chambers, 501 U.S. at 46 (internal quotation marks and citation omitted).  Instead, this case is at bottom a contract dispute, and Craig Irish's personal mendacity does not overcome the usual American rule that each party shall

bear its own attorneys' fees.  His attorneys have conducted his defense with vigor and integrity.

**VI.  CONCLUSION**

The motion for attorneys' fees, ECF No. 245, is **DENIED.** The plaintiff's proposed form of judgment, ECF No. 243, is adopted by the Court -- save for the provision regarding attorneys' fees described in paragraph 5, which shall be struck out -- and judgment shall be entered.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE